IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DARSHAWN WITHERSPOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-2140-EFM/GLR |
| | ) | |
| WYANDOTTE COUNTY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Darshawn Witherspoon has filed this civil rights action against "Wyandotte County," "Wyandotte County Criminal Justice System," and "Officers, Clerks, Magistrate." Plaintiff seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (ECF No. 3). He also requests that the Court appoint him counsel (ECF NO. 4).

The *in forma pauperis* statute provides that "the court *shall* dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[1]

On the form complaint where plaintiff was instructed to give "a short and plain statement of the claim showing that [he] is entitled to relief," plaintiff states, "Wyandotte County has breeched [sic] policies of justice several times" (doc. 1). In the attachment to his complaint, which references Civil Case no. 10-3092-SAC, plaintiff alleges that in "07"

---

[1]28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

1

"three Wyandotte Deputies shot individual tazers at [him]" while he was handcuffed. He also alleges that his arrest for trespassing from "07" was not handled properly by the municipal court.

Since 2008, plaintiff has filed at least ten other cases against Wyandotte County or its officers in this district.[2] It appears that the allegation that he was tazed was presented in Case Nos. 10-3092-SAC, 08-2102-KHV and 10-2694-EFM. These cases were dismissed after plaintiff failed to respond to orders to show cause. In Case No. 10-3092-SAC, Judge Crow informed plaintiff that his tazer claim was subject to the two-year limitation period that governs actions filed in Kansas under 42 U.S.C. § 1983.[3] Neither in that case, nor in his complaint in the instant case, has plaintiff explained why his tazer claim is not time barred.

It appears that plaintiff's allegations regarding his state court cases were also raised in Case No. 10-3092-SAC. Judge Crow ordered plaintiff to show cause why a claim arising from those allegations should not be dismissed, ruling, "The federal courts do not enjoy supervisory jurisdiction over the state courts and do not have the authority to direct the state courts, or the officers thereof, in the exercise of their duties."[4] Plaintiff did not clarify his claims arising from the handling of his state court cases, either in Case No. 10-3092-SAC,

---

[2]D. Kan. Case Nos. 08-2102-KHV/DJW, 08-2315-JAR/DJW, 08-2594-EFM/DJW, 08-2595-JWL/DJW, 09-2057-JAR/DJW, 09-2669-JAR/DJW, 09-3170-JAR/DJW, 10-2043-JAR/DJW, 10-2694-EFM/JPO, and 10-3092-SAC.

[3]*See* Case No. 10-3092-SAC, ECF No. 3 (citing *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir. 1993)).

[4]*Id.* (citing *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986)).

10-2694-ECF, or in his instant complaint.

A complaint is subject to dismissal for failure to state a claim where it fails to present sufficient factual information to state a claim for relief that is plausible on its face.[5] Because plaintiff has included no factual information that supports his claims, the undersigned recommends that United States District Judge Eric F. Melgren dismiss this case for failure to state a claim unless plaintiff shows cause by **May 2, 2011**, why this case should not be dismissed.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

A copy of this report and recommendation shall be sent to plaintiff by certified mail.

Dated April 11th, 2011, at Kansas City, Kansas.

S/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
U.S. Magistrate Judge

---

[5] *Robinson v. Farmers Servs. L.L.C.*, No. 10-2244, 2010 WL 4067180, at *2 (D. Kan. 2010); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).